UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAIWAN ALLEN, | ) |
| Petitioner, | ) 2:09-cv-1756-RLH-GWF |
| vs. | ) **ORDER** |
| DWIGHT NEVEN, *et al.,* | ) |
| Respondents. | ) |

Taiwan Allen, a Nevada prisoner represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #1) raising three grounds for relief. Respondents move to dismiss the petition on the basis that it contains unexhausted claims for relief (docket #6). Petitioner has opposed the motion, filing the brief beyond the date on which it was due (docket #15). However, petitioner moved the court to accept the untimely filing (docket #14), showing excusable neglect. That motion shall be granted and the opposition shall be reviewed and considered by the court. Finally, respondents reply to the opposition (docket #16). Based upon the discussion below, the motion to dismiss shall be denied.

**I.    Procedural Background**

Petitioner was convicted after a jury trial of first degree murder with the use of a deadly weapon and was sentenced to two consecutive life terms without the possibility of parole. He filed a direct appeal, which was denied. He then filed a post-conviction petition and was appointed

counsel to assist him. An evidentiary hearing was conducted and the state district court denied relief. On appeal of this denial, petitioner raised five assertions of ineffective assistance of trial counsel. The Nevada Supreme Court affirmed the lower court's decision. On September 3, 2009, with the assistance of counsel petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this action. Respondents have moved to dismiss the petition, contending that three subparts of ground one are unexhausted. Petitioner argues the motion is without merit as he has presented to this court the same claims he presented to the Nevada Supreme Court - ineffective assistance of counsel based on counsel's failure to "conduct an adequate pretrial investigation" and because he "made critical trial errors." Opposition to Motion to Dismiss (docket #15), pp. 3-4.

**II.     Legal Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[1] State remedies have not been exhausted unless the claim has been

---

[1] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies

fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987. However, while federal-state comity concerns preclude this court's consideration of " 'new evidence that places [a] claim in a significantly different posture' " on habeas review, federal courts in this circuit have previously considered additional evidence that does not alter the gravamen of the petitioner"s claim. *Luna v. Cambra*  306 F.3d 954, 965 (C.A.9 (Cal.),2002) as amended by 311 F.3d 928 (9th Cir. 2002) citing *Brown v. Myers*, 137 F.3d 1154, 1157 n. 3 (9th Cir. 1998) (alteration in original) (quoting *Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir.1988)).

**III.   Discussion**

Respondents contend that petitioner has failed to exhaust parts of ground one of the petition. They specifically assert that (1) petitioner did not "argue to the Nevada Supreme Court that

available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

trial counsel was ineffective for presenting expert testimony regarding a two-gun battle;" (2) that although petitioner argued in state court that counsel failed to interview and solicit testimony from the physicians who treated him after he absconded to Wisconsin," petitioner did not alleges that counsel failed "to inquire as to whether medical treatment had been received" by petitioner, and (3), while acknowledging that petitioner did contend in the state court that he received ineffective assistance by counsel for "failing to hire a forensic pathologist to analyze evidence of gunshot residue, petitioner never complained that counsel was ineffective for "failing to hire a forensic pathologist or crime scene investigator knowledgeable about testing for gunshot residue."

Having reviewed the opening, responding, and reply briefs presented to the Nevada Supreme Court on appeal of denial of the post-conviction petition for writ of habeas corpus, the court finds that the differences between the claims raised and argued before the Nevada Supreme Court and the claims raised and argued here are in no way substantive and are insufficient to place the claim of ineffective assistance of counsel at trial in a significantly different light.  The facts presented to this court were all presented for the Nevada Supreme Court's review.  Simple editing or reorganization of the arguments are of no moment in considerations of exhaustion.  The interests of comity have been served and the petition shall proceed before this court on its merits.

Furthermore, the court finds respondents' motion to dismiss plainly and painfully disingenuous.  The minuscule and inconsequential differences identified between the state post-conviction appeal and this federal petition do not warrant the expenditure of resources this motion has required.  Respondents are cautioned to consider such arguments carefully in the future.

**IT IS THEREFORE ORDERED** that the motion to permit late filing (docket #14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion to dismiss (docket #6) is **DENIED.**

/ / / /

/ / / /

**IT IS FURTHER ORDERED** that the respondents shall have thirty (30) days to file their answer to the claims presented in this petition. Thereafter, petitioner shall have thirty (30) days to reply.

Dated this 8th day of July, 2010.

_____
CHIEF UNITED STATES DISTRICT JUDGE